UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-205-SEB-MJD-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LEROY THOMAS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cr-00205-SEB-MJD ) |
| LEROY THOMAS, | ) -03 ) |
| Defendant. | ) |

## ORDER

Defendant Leroy Thomas has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 208, 209, 220. Mr. Thomas seeks immediate release from incarceration. *Id*. For the reasons explained below, his motions are **DENIED**.

**I.    Background**

In September 2019, Mr. Thomas pled guilty to: (1) one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) conspiracy to possess with intent to distribute and to distribute controlled substances (hydrocodone), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dkts. 195, 197. The Court sentenced Mr. Thomas to 135 months of imprisonment and imposed 5 years of supervised release. Dkt. 197.

Mr. Thomas is 48 years old. He is currently incarcerated at FCI Elkton in Lisbon, Ohio. As of December 7, 2020, the Bureau of Prisons ("BOP") reports that 3 inmates and 12 staff members at FCI Elkton have active cases of COVID-19; it also reports that 897 inmates at FCI Elkton have recovered from COVID-19 and that 9 inmates at FCI Elkton have died from the virus.

https://www.bop.gov/coronavirus/ (last visited Dec. 7, 2020). Mr. Thomas represents that he has been in custody since November 9, 2017. The BOP gives his projected release date with good credit time as June 11, 2027. Dkt. 220 at 2.

Mr. Thomas filed two pro se motions for compassionate release. Dkts. 208, 209. The Court appointed counsel to represent him. Dkt. 111. Appointed counsel filed a supporting memorandum, dkt. 220, the United States responded, dkt. 222, and Mr. Thomas replied, dkt. 223. Thus, the motions are now ripe for decision.

## II.   Discussion

Mr. Thomas seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 220. Mr. Thomas tested positive for COVID-19 in May or June 2020. Dkt. 220 at 19 (representing that Mr. Thomas tested positive for COVID-19 in May 2020); dkt. 220-1 at 1 (showing "confirmed case COVID-19" with date of June 1, 2020). He did not experience symptoms at the time. Dkt. 220 at 19. Nonetheless, he contends that extraordinary and compelling reasons warrant his immediate release because his personal characteristics (being African-American and suffering from medical conditions including heart failure, hypertension, type 2 diabetes, and obesity) increase his risk of experiencing severe symptoms if he is reinfected. *Id.* at 1, 16–19. In response, the United States argues that Mr. Thomas has not presented an extraordinary and compelling reason warranting a sentence reduction and that the sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 222.[1]

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

---

[1] The United States also argues that the terms of Mr. Thomas's plea agreement—which was signed after the First Step Act was enacted—prohibit Mr. Thomas from filing a motion for sentence reduction under § 3582. Dkt. 222 at 11–13. The Court need not reach that argument because Mr. Thomas's motion is due to be denied on the merits.

3

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

---

[2] The United States concedes that Mr. Thomas has exhausted his administrative remedies. Dkt. 222 at 5.

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step

Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, __ F. 3d __, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Thomas does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. *See* dkt. 220 at 8–14. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case. *Id.* The Court declines to do so.[3]

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 2020 WL 6813995, at *2, the Court has considered the rationale provided by Mr. Thomas's warden in denying Mr. Thomas's administrative request for relief. Mr. Thomas's warden appears not to have considered the possibility that Mr. Thomas could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsections (A) through (C). *See* dkt. 220-5. Thus, the warden's decision provides little guidance to the Court's analysis.

The risk that Mr. Thomas faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. Mr. Thomas claims to have medical conditions (including obesity and type 2 diabetes) that put him at an increased risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 7, 2020). But Mr. Thomas contracted COVID-19 about six months ago. He does not claim to be suffering from any lasting effects from the virus—or even that he ever experienced any symptoms at all. Thus, he has not shown extraordinary and compelling reasons warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic).

Mr. Thomas's concern about reinfection does not change the result. The Court recognizes that FCI Elkton experienced a serious outbreak of COVID-19, but that outbreak appears to be largely under control within the inmate population. Regardless, Mr. Thomas's reliance on the possibility that he will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited Dec. 7, 2020) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for

severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020).

Given the Court's determination that Mr. Thomas has not shown extraordinary and compelling reasons to justify his release, whether Mr. Thomas is a danger to the community and whether the § 3553(a) factors weigh in favor of his release need not be discussed at length. Nonetheless, the Court concludes that the § 3553(a) factors also weigh against his release. Mr. Thomas sold significant quantities of methamphetamine and hydrocodone. Dkt. 168 at 5–9. His crimes were serious and warranted a serious sentence. Mr. Thomas's criminal history also includes four previous felony convictions for dealing drugs. *Id.* at 10–13. His most recent conviction (for dealing cocaine, in 2005) resulted in significant prison time, but he returned to selling drugs after he was released and committed the crimes in this case while on probation. *Id.* at 13. Moreover, Mr. Thomas has served less than one-third of his sentence. As a result, the Court cannot find that any risk Mr. Thomas faces from COVID-19 warrants releasing him from incarceration at this time. *See United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Thomas's motions for compassionate release, dkts. [208] and [209], are **denied**.

**IT IS SO ORDERED.**

Date: 12/21/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

All Electronically Registered Counsel