UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-205-SEB-MJD-3 |
| v. | ORDER ON MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LEROY THOMAS | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cr-00205-SEB-MJD |
| | ) |
| LEROY THOMAS, | ) -03 |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Leroy Thomas has filed another motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). *United States v. Thomas*, 1:17-cr-00205-SEB-MJD-3, dkt. 246. Mr. Thomas asks the Court to reduce his sentence to time served.[1] *Id.* The United States argues, in part, that Mr. Thomas's motion is barred by the terms of his plea agreement. Dkt. 251 at 8-10. For the reasons stated below, Mr. Thomas's motion is **denied**.

### I. Background

In February 2019, Mr. Thomas executed a petition to enter plea of guilty and plea agreement. Dkt. 128. In this plea agreement, Mr. Thomas agreed to plead guilty to: (1) one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of

---

[1] To the extent Mr. Thomas's motion also asks for a recommendation of home confinement under 18 U.S.C. § 3624(c)(2), *see* dkt. 246 at 3, the Court does not have authority to directly transfer him to home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (holding that the district court lacks authority to transfer an inmate to home confinement; instead, "the [BOP] (and, under the CARES Act, the Attorney General) has plenary power over its inmates' placement"); *see also United States v. Williams*, 829 F. App'x 138, 139-40 (7th Cir. 2020) (noting the CARES Act "carved out no role for the courts" in determining whether a defendant is a "suitable candidate" for home confinement). The Court also declines to enter a recommendation as to whether Mr. Thomas should be transferred to home confinement because the Bureau of Prisons is better situated to determine whether any such transfer should be made.

methamphetamine and 100 grams or more of heroin; and (2) one count of conspiracy to possess with intent to distribute and to distribute a schedule II controlled substance. *Id.* at 1-2. He admitted participating in a conspiracy that distributed no less than 125 grams of actual methamphetamine and ten ounces (over 280 grams) of heroin. *Id.* at 6-7. He also admitted distributing 67 pills of hydrocodone. *Id.* In Paragraph 19 of the plea agreement, Mr. Thomas agreed "not to contest, or seek to modify, [his] . . . sentence . . . in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *Id.* at 9.

In September 2019, the Court conducted a change of plea hearing for Mr. Thomas and accepted his guilty plea. Dkt. 195. The Court also sentenced Mr. Thomas to 135 months' imprisonment and five years' supervised release. *Id.*; *see also* dkt. 197. Judgment was entered on September 18, 2019, dkt. 197, and Mr. Thomas did not appeal his conviction or sentence.

In June 2020, Mr. Thomas filed two pro se motions asking the Court to reduce his sentence to time served. Dkt. 208, 209. The Court appointed counsel to represent Mr. Thomas, dkt. 211, the United States responded, dkt. 222, and Mr. Thomas's counsel replied, dkt. 223. The Court denied Mr. Thomas's motions in December 2020, finding that Mr. Thomas had not established extraordinary and compelling reasons justifying his release and that the sentencing factors in 18 U.S.C. § 3553(a) weighed against his release. Dkt. 229.

In August 2021, counsel for Mr. Thomas filed a renewed motion for compassionate release. Dkt. 246. He contends that his health has deteriorated such that he is at an "increased risk of grave illness or death if he is reinfected with COVID-19 or one of its variants." *Id.* The United States has responded, dkt. 251, and Mr. Thomas has filed a reply and supplemental reply, dkts. 254, 255.

## II. Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Thomas asks the Court to grant his request for compassionate release because his medical conditions combined with the risks presented by the COVID-19 pandemic create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 246 at 8-21. In response, the United States argues that Mr. Thomas waived his right to file a motion for compassionate release as part of his plea agreement. Dkt. 251 at 8-10. In reply, Mr. Thomas contends that the waiver in his plea agreement should not be enforced because Mr. Thomas could not foresee the COVID-19 pandemic at the time he executed his plea agreement. Dkt. 254 at 2-6.

Mr. Thomas's renewed motion for compassionate release must be denied because it is barred by the plain terms of his plea agreement. The Seventh Circuit recently held that a waiver of the right to file a motion under § 3582 was enforceable against a defendant who signed his plea waiver after the First Step Act was enacted but later attempted to file a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 595–602 (7th Cir. 2021). Mr. Thomas's plea waiver plainly bars any attempt to file a § 3582 motion, and he signed his plea agreement after enactment of the First Step Act. Thus, under *Bridgewater*, his motion for compassionate release must be denied as barred by his plea agreement.

Mr. Thomas's argument that the waiver should not be enforced because of the unforeseen nature of the COVID-19 pandemic is unavailing. The Seventh Circuit rejected this argument in *Bridgewater* reasoning, "The change of circumstances brought on by the pandemic does not render Bridgewater's earlier waiver unknowing or involuntary. 'At worse, he did not fully appreciate that he might wish to change his mind later . . . . Yet, such is the risk with plea-bargaining and waiver.'" 995 F.3d at 596 (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)). Under the binding precedent of *Bridgewater*, Mr. Thomas's plea waiver is valid and thus must be enforced.

### III. Conclusion

For the reasons explained above, Mr. Thomas's renewed motion for compassionate release, dkt. [246], is **denied**.

**IT IS SO ORDERED.**

Date: 11/16/2021

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel